IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PAUL CASTONGUAY, | ) | 4:10CV3206 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| BRENDA WHEELER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

    This matter is before the court on its own motion. On November 19, 2010, the court required Plaintiff to show cause why he is entitled to proceed in forma pauperis ("IFP") pursuant to the provisions of 28 U.S.C. §1915(g) ("§ 1915(g)"). (Filing No. 8.) Plaintiff filed a Motion to Continue In Forma Pauperis, which the court liberally construes as a response to the court's Memorandum and Order. (Filing No. 10.) The court has carefully reviewed Plaintiff's response and finds that this matter should be dismissed.

## I.   BACKGROUND

    On October 19, 2010, while incarcerated, Plaintiff filed a Complaint (filing no. 1) and a Motion for Leave to Proceed IFP (filing no. 5). The court thereafter ordered Plaintiff to either show cause why he is entitled to proceed IFP or pay the full $350 filing fee, or his case would be dismissed. (Filing No. 8.) The court's previous Memorandum and Order was based on the court's finding that Plaintiff brought the following three cases while incarcerated, all of which were dismissed because they failed to state a claim upon which relief may be granted:

- *Castonguay v. Douglas County Attorney Office*, No. 8:09CV392 (D. Neb.), dismissed on April 9, 2010. (Case No. 8:09CV392, Filing No. 11.)

- *Castonguay v. Douglas County Correction Center*, No. 8:09CV225 (D. Neb.), dismissed on November 3, 2009. (Case No. 8:09CV225, Filing No. 14.)

- *Castonguay v. State of Nebraska*, No. 8:09CV221 (D. Neb.), dismissed on November 3, 2009. (Case No. 8:09CV221, Filing No. 15.)

    On December 6, 2010, Plaintiff filed a response to the court's Memorandum and Order in which he argued the merits of his Complaint and stated that two of the cases listed above were not dismissed because they failed to state a claim upon which relief may be granted. (Filing No. 10.)

## II. ANALYSIS

A prisoner may not bring a civil action or proceed IFP if the prisoner has, on three or more occasions, while incarcerated, brought an action or appeal in federal court that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. § 1915(g). An exception is made for prisoners who are under imminent danger of serious physical injury. *Id.*

In its previous Memorandum and Order, the court ordered Plaintiff to show cause why his case should not be dismissed pursuant to § 1915(g). (Filing No. 8.) The court listed three cases brought by Plaintiff that were dismissed because they failed to state a claim upon which relief may be granted. (*Id.* at CM/ECF p. 1.) For Plaintiff to proceed IFP, he needed to show the court that any or all of the three dismissed cases do not meet the criteria set forth in § 1915(g) or, alternatively, that he faces imminent danger of serious physical injury.

In his Response, Plaintiff argues that he voluntarily dismissed Case No. 8:09CV225, and that 8:09CV221 is still pending and has not been dismissed. (Filing No. 10 at CM/ECF pp. 1, 3.) Plaintiff is incorrect. A review of the court's records shows that the court dismissed Case No. 8:09CV225 on November 3, 2009, because Plaintiff's Complaint failed to state a claim upon which relief may be granted. (Case No. 8:09CV225, Filing No. 14.) In that case, the court permitted Plaintiff a chance to amend, but he failed to do so. (*Id.*) Plaintiff appealed the court's dismissal, and the Eighth Circuit dismissed the appeal for failure to prosecute. (Case No. 8:09CV225, Filing No. 25.) Likewise, in Case No. 8:09CV221, the court determined that the Complaint failed to state a claim upon which relief may be granted, gave Plaintiff an opportunity to amend, and dismissed the case after Plaintiff failed to adequately amend the Complaint. (Case No. 8:09CV221, Filing No. 15.) The Eighth Circuit affirmed the court's decision that the Complaint failed to state a claim upon which relief may be granted. (Case No. 8:09CV221, Filing No. 26.)

In short, the court dismissed the three cases set forth above because each of those cases failed to state a claim upon which relief may be granted and Plaintiff has not shown otherwise. In addition, Plaintiff has not shown that he faces imminent danger of any physical injury if he is not allowed to proceed IFP. In light of this, Plaintiff is not entitled to proceed IFP, nor has he paid the full $350 filing fee. For these reasons, this matter must be dismissed.

IT IS THEREFORE ORDERED that:

1. This matter is dismissed without prejudice. All pending motions are denied as moot.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 23rd day of December, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.